RAILROADS *v.* COLLIER.

(*Nashville.*    January   10,   1900.)

1. RAILROADS.   *Sounding whistle.*

   The requirement that whistle shall be sounded on the approach
   of a railway train to stations, applies alone to incorporated
   municipalities.   (*Post, pp. 190, 191.*)

   Code construed : § 1574 (S.); § 1298 (M. & V.); § 1166 (T. & S.).

   Case cited and approved : Webb *v.* Railroad, 88 Tenn., 119.

2. SAME.   *Announcing station and duration of stop.*

   Mere failure to announce station and duration of stop, as re-
   quired of railroads by statute, is not such negligence, without
   proof that it was the proximate cause of the injury, as entitles
   a passenger to recover for injuries sustained in alighting from
   a train at a station.   The statute prescribes the remedy for
   this default by *qui tam* action.   (*Post, pp. 191–193.*)

   Code construed : §§ 3070, 3072 (S.); §§ 2360, 2362 (M. & V.); § 4927*d*
   —— (T. & S.).

3. SAME.   *Passenger alighting from moving train.*

   A passenger has not an absolute right of recovery for injuries
   sustained in alighting from a railway train which had negli-
   gently passed the station of his destination.   If, by reason of
   the dangerous speed of the train, his own reckless act must be
   accounted the proximate cause of his injury, he cannot recover
   at all ; otherwise he may recover, with mitigation of damages,
   for any negligence imputable to his conduct.   (*Post, pp. 191–
   193.*)

FROM   LAWRENCE.

Appeal  in  error  from  Circuit  Court  of  Law-
rence  County.  R.  A.  HAGGARD,  Sp.  J.

GEO. T. HUGHES and W. R. KING for Railroads.

H. PARKS for Collier.

CALDWELL, J. This is an appeal in error prosecuted by the Louisville & Nashville and the Nashville, Florence & Sheffield Railroad Companies from a judgment of $375 recovered against them by M. A. Collier, as damages for personal injuries alleged to have been received by him in alighting from one of their passenger trains while moving slowly, and passing Wayne Station, the place of his destination.

The Court below charged the jury as follows: "It is the duty of railroads, and of the defendants in this case, when they have a passenger aboard destined to a particular station on such road, upon nearing such station, to sound the steam whistle upon their engine, and before reaching such station, to have called out by the conductor, or some one of its agents or employees, in loud, distinct words, in each car, the name of the station being approached, and the duration of the halt, and upon arriving at such station, to come to a standstill for a sufficient time that the passengers may, without danger, alight from the train. The burden of proof is upon plaintiff to show that defendants failed to comply with these requirements of the law. If you find from the proof in the case that the defendant compa-

nies failed to comply with these rules or requirements, and failed to stop at the depot, and the plaintiff attempted to get off the train at the station for which he was bound, and in the attempt received injuries, he would be entitled to recover."

This instruction is erroneous in at least two particulars. In the first place, it unconditionally applies the duty of sounding the whistle on nearing the station to which Collier was bound, whereas, the statute requiring that the bell or whistle shall be sounded on approaching a ' city or town (Shannon's Code, sec. 1574, subsec. 3) relates alone to incorporated municipalities. (*Webb v. Railway Co.,* 88 Tenn., 119), and there was no evidence before the jury to show that Wayne Station was incorporated.

In the next place the instruction makes the failure to announce the name of the station, and the time the train would stop, a ground for the recovery of damages for personal injuries received in alighting from the train, whereas, the statute (Shannon's Code, sec. 3070), whose requirement is violated by such failure, prescribes its own penalty in a subsequent section, which provides for a *qui tam* action, in which the informer may recover one hundred dollars, no more and no less, one-half for his own benefit and the other half for the common school fund. Shannon's Code, sec. 3072.

Railroads *v.* Collier.

The trial Judge, further charging the jury, used this language, namely:

"If you find from the proof that the defendant companies, when the train upon which plaintiff was a passenger approached the station, did not stop said train, but stopped same beyond the point proper, considering the number of cars then being carried by defendants, then the defendants would have been guilty of negligence in failing to stop at the proper place, and if the defendant attempted to alight from the train · after it passed· the proper point but before the stop, and in such attempt received injuries from the moving train, he would be entitled to recover. But in that instance plaintiff would be guilty of contributory negligence, but such negligence on his part would not bar a recovery, but would go in mitigation of his damages—that is, to reduction of same."

This instruction is likewise erroneous, in that it makes the failure to stop the train at the proper place such negligence on the part of the companies as to entitle the plaintiff to a recovery in any event, and notwithstanding his own negligence in alighting from the train while in motion. The breach of duty on the part of railway companies to stop their passenger trains at the usual place of disembarkation does not justify a passenger in endangering himself by alighting at that place when the train is passing. The

Railroads *v.* Collier.

passenger must exercise reasonable care for his personal safety in such case, notwithstanding the default of the carrier.

The jury in the present instance should have been directed to ascertain whether or not Collier had acted prudently, in view of the rate of the train's motion and the other facts and circumstances developed in the testimony, and whether or not his negligence, if any, was the proximate cause of his injuries; that if he was negligent, and his negligence was the proximate cause of his injuries, his action was thereby barred, and that his negligence, if not the proximate cause of his injuries, should be considered in mitigation of damages.

Reverse, and remand for the reasons stated.