WILLIAM ALEXANDER *v.* VIRGINIA & S. W. RY. CO.

(*Knoxville.* September Term, 1917.)

1. **RAILROADS. Signals. Sufficiency of evidence.**

The statement of a witness that the whistle was not sounded "until it blew inside the corporation here" and of another that he lives one and one-half miles from Rogersville and one mile from the spring, not giving relative location of each and of depot, does not locate city limits or establish defendant's failure to comply with Thompson's Shannon's Code, section 1574, subsection 3, as to giving signals before reaching and while passing through incorporated cities. (*Post, pp.* 53-54.)

Cases cited and approved: Railroad v. Collier, 104 Tenn., 189; Webb v. Railroad Co., 88 Tenn., 119.

Code cited and construed: Sec. 1574, subsec. 3. (T.-S.).

2. **EVIDENCE. Judicial notice. Incorporated cities.**

While a court will take judicial notice of the fact of incorporation of a city incorporated by state law, it cannot take judicial notice of the location of the boundaries thereof. (*Post, pp.* 54-55.)

Cases cited and approved: State v. Murfreesboro, 30 Tenn., 217; Coal Creek Co. v. East Tenn. Co., 105 Tenn., 563; Frazier v. Railroad Co., 88 Tenn., 138.

FROM HAWKINS.

Appeal from the Circuit Court of Hawkins County.—DANA HARMON, Judge.

NEIGHBORS & NEIGHBORS and BOWEN & THOMPSON, for appellant.

J. O. PHILLIPS and SUSONG & BIDDLE, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This suit was brought by Alexander, administrator of Oliver Mitchell, deceased, to recover damages for personal injuries resulting in the death of Mitchell, upon the following facts:

The line of railroad of the defendant company runs from Rogersville to Bulls Gap. It is averred in the declaration that Rogersville is an incorporated town, and it was the duty of the defendant to comply with subsection 3 of section 1574 of Thompson's-Shannon's Code, which is as follows:

"On approaching a city or town, the bell or whistle shall be sounded when the train is at the distance of one mile, and at short intervals till it reaches its depot or station; and on leaving a town or city, the bell or whistle shall be sounded when the train starts, and at intervals till it has left the corporate limits."

The question to be treated of in this opinion is whether the statutory provision above quoted has application to this case. There is no proof in the record of the location of the corporate limits of the town of Rogersville, and there is no direct proof that Rogersville is an incorporated town. One witness says the whistle was not blown "until it blew inside the corporation here," and another witness says that deceased sometimes worked for the "corporation." Another witness says that he lives one and one-half

miles from Rogersville and one mile from the spring. From this last statement the inference is sought to be made that the spring is one-half mile from Rogersville. Manifestly, however, this inference is not warranted upon the facts stated because the distance that the depot is from the spring would depend entirely upon the relative positions of the witness's home, the depot, and the spring, which are not shown in the proof. It is not shown where the boundary line of the incorporation, if any, is located. with reference to the spring, the place of the accident.

It was held in *Railroad* v. *Collier,* 104 Tenn., 189, 54 S. W., 980, that the statute under consideration "relates alone to incorporated municipalities," reaffirming *Webb* v. *Railroad Co.,* 88 Tenn., 119, 12 S. W., 428.

It is said, however, that the court will take judicial notice of the fact that Rogersville is incorporated, and *State* v. *Murfreesboro,* 11 Humph., 217; *Coal Creek Co.* v. *East Tenn. Co.,* 105 Tenn., 563, 59 S. W., 634; *Frazier* v. *Railroad Co.,* 4 Pick. (88 Tenn.), 138, 12 S. W., 537—are cited in support of the contention. These cases establish the proposition that the court will take judicial knowledge of the fact of incorporation, where such fact is evidenced by an act of the legislature duly published, which, of course, the court judicially knows. But the fact of incorporation is not a material inquiry in this case. The location of the boundaries of the corporation is the

material matter here, and this court will not know judicially. It is essential, as a part of the plaintiff's case, that proof be offered to show that the defendant failed to comply with the statute by sounding the whistle or ringing the bell one mile from the boundary of the incorporated town. This holding harmonizes the cases above cited and meets the legislative intent in enacting subsection 3 of section 1574 of Thompson's-Shannon's Code.

There being no proof of the location of the boundary line of the municipality of Rogersville, with reference to the scene of the accident, the proof in the case of the failure of the defendant to sound the whistle and ring the bell, has no application, and cannot aid him any.

The other questions discussed by counsel, while interesting and ably presented, do not arise upon the record. The special requests forming the basis of assignment of error in this court were properly declined by the trial judge because they do not embrace an accurate statement of the law. Affirmed.